### EL PUEBLO, DEMANDANTE Y APELADO, *v.* MACHADO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por homicidio voluntario.

No. 1797.—Resuelto en julio 18, 1922.

CREDIBILIDAD DE LOS TESTIGOS—INSTRUCCIÓN NECESARIA.—Antes de que empezara a declarar un testigo del acusado el abogado de éste pidió al jurado que prestara atención a la declaración del testigo porque éste se encontraba junto al acusado antes de ocurrir el homicidio. El fiscal replicó así: "Y yo anuncio que este testigo es un perjuro y que he mandado buscar al presidente del Gran Jurado para que veáis lo que él declaró ante ellos." *Se resolvió:* que constituyó error perjudicial el no impedir las manifestaciones del fiscal o por lo menos el no llamar fuertemente la atención del jurado para que no las tuviera en cuenta al apreciar la credibilidad de dicho testigo, con mayor razón cuanto que no se presentó evidencia alguna para atacar su credibilidad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. A. García Méndez.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante Cleofe Machado fué acusado por un delito de homicidio voluntario en la persona de Juan Barreto y condenado a sufrir prisión por año y medio contra cuyo fallo apeló.

Cleofe Machado era cuñado de Juan Barreto y pocos días antes de la muerte hubo un disgusto grave entre Machado y su suegra, a quien pegó según algún testigo. Aparece que ese disgusto creó una situación crítica entre Machado y los familiares de su suegra.

De la prueba del fiscal aparece que Cleofe Machado estaba hablando con Emilio de la Rosa en la calle cerca de un cafetín en el momento en que llegó Juan Barreto al sitio y resultó su muerte por tres disparos de revólver hechos por Machado. La teoría de la defensa de Machado es que mató en legítima defensa, y cuando presentó como testigo a Emilio de la Rosa surgió el incidente que copiamos de la transcripción:

"Antes de empezar el examen de este testigo, el abogado defensor expone que desea llamar la atención de la corte y de los señores del jurado hacia la importancia del testigo Emilio de la Rosa, quien, según manifestaciones de los testigos que han desfilado por la sala, era el que se encontraba con Cleofe Machado momentos antes del suceso; por lo cual solicitaba del jurado la más cuidadosa atención a las más mínimas palabras del testigo, a fin de que se pueda llegar a esclarecer la verdad de los hechos objeto del litigio.

"A tales manifestaciones el fiscal manifestó: 'Y yo anuncio que este testigo es un perjuro y que he mandado a buscar al presidente del Gran Jurado para que veais lo que él declaró ante ellos.'—Entonces el abogado de la defensa, manifiesta: que al ocupar la silla de los testigos el Sr. Emilio de la Rosa, presentado por el fiscal al Gran Jurado en la investigación de este asunto, y que consta en la nota de los testigos examinados que tiene el fiscal para probar el caso; y como la defensa dijera que el Sr. de la Rosa es el testigo principal en este asunto por cuanto era él el único testigo que se encontraba presente cuando y antes del suceso, ya que todos los testigos admiten haber visto a Emilio de la Rosa con Cleofe Machado, en y antes del suceso; el fiscal lanza la frase de que el testigo es *un perjuro* y que ha ordenado viniese el presidente del Gran Jurado para impugnar la veracidad de dicho testigo y para procesarle por perjuro."

Después el testigo declaró y cuando terminó, siendo el

último de toda la prueba, el fiscal dijo: "que el marshal informaba que el Sr. Font, Presidente del Gran Jurado está en Mayagüez, y no se ha podido encontrar; que era un testigo importante para él, pero en vista de no haber podido hallarse, renunciaba a dicho testigo."

Nada dijo la corte al jurado en sus instrucciones respecto al incidente ocurrido al presentarse a declarar el testigo Emilio de la Rosa aunque en términos generales expresó que "las afirmaciones de los abogados o del fiscal en sus discursos, no constituyen evidencia en el caso y el jurado no puede nunca fundar un veredicto en esas afirmaciones."

Uno de los motivos alegados por el apelante para sostener su recurso es, que la corte inferior cometió error al permitir que el fiscal hiciera las manifestaciones antes transcritas con respecto al testigo Emilio de la Rosa. Creemos que se cometió el error alegado y que era perjudicial para el acusado.

Emilio de la Rosa era un testigo de importancia para el acusado en cuanto a si había matado en legítima defensa porque estaba conversando con Cleofe Machado cuando llegó al sitio Juan Barreto, quien según el testigo sacó un revólver y se dirigió sobre Machado en cuyo momento éste sacó su revólver, le disparó el primer tiro y se agarraron disparando entonces Machado los otros dos tiros; y las manifestaciones del fiscal tendían fuertemente a atacar su credibilidad ante el jurado, sin que puedan servirle de disculpa las palabras del defensor quien se limitó a pedir al jurado que prestara atención a lo que el testigo declarase porque era el que se encontraba con Machado momentos antes del suceso. Las palabras del fiscal trataron de sembrar la desconfianza en el jurado en cuanto al testigo y de coartar su libertad al declarar amenazándolo con procesarle por perjurio, y todo esto sin que el testigo hubiese hecho declaración alguna ante el jurado. La corte debió impedir las manifestaciones del fiscal y si no le fué posible debió llamar

fuertemente la atención del jurado para que no las tuviera en cuenta al apreciar la credibilidad de dicho testigo, con mayor razón cuanto que no se presentó evidencia alguna para atacar su credibilidad. De *Underhill Criminal Evidence,* párrafo 215, copiamos lo siguiente:

"La credibilidad y peso de la evidencia compete al jurado exclusivamente. Toda observación judicial sobre el carácter personal de un testigo o la naturaleza, credibilidad o peso de su evidencia hecha durante el examen es impropia y motivo para una objeción. Es inmaterial el que la observación haya sido hecha inadvertidamente si el acusado ha sido perjudicado, aunque parece que el error puede ser subsanado mediante el pronto retiro y retractación de las palabras objetadas, o por una instrucción al jurado para desestimarlas."

En vista de la conclusión a que hemos llegado no consideraremos los otros motivos del recurso ya que se hace necesaria la revocación de la sentencia apelada a fin de que se celebre un nuevo juicio.

> *Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Franco Soto no tomaron parte en la resolución de este caso.